## ROBERT LEECH *v.* HARVEY GUILD.

Where a foreigner owned property in this State, and by the laws of his own country there existed no community partnership between husband and wife—*Held :* That, prior to the passage of the Act entitled "An Act relative to the property of non-resident married persons in this State," a community would not exist here, his wife would not acquire a legal mortgage on his property in this State, and the law would accord none to his minor children.

APPEAL from the Fourth District Court of New Orleans, *Price, J.*
   *Edward Rawle,* for plaintiff.   *Durant & Hornor,* for defendant and appellant.

DUFFEL, J.   The defendant is appellant from a judgment of the District Court rejecting his reconventional demand, and condemning him to complete, as purchaser, and in accordance with a private contract, the sale of a lot of ground and house in the city of New Orleans, on St. Charles Street, between Girod and Julia Streets, No. 214.

The defendant admits that he is in possesion of the property under the contract, but he alleges that he has been prevented from performing his part of the obligation by the failure of the plaintiff to offer him - a good and unincumbered title.

" That plaintiff was formerly a resident in this city, and acquired real estate here, while he was married.   That his wife is now deceased, and was so at the date of respondent's purchase, and left minor children who are now living.   That the property in question is, under Louisiana laws, subject to the claims and tacit mortgage of these minor children, and until plaintiff takes such proceedings as will relieve the property &c. from this tacit mortgage and claims, he cannot comply with his obligations."

We gather from the evidence, that the plaintiff is an unnaturalized Englishman ; that he came to Louisiana, in New Orleans, about the year 1835, as a cotton commission merchant, to buy cotton for spinners and manufacturers in England ; that he made yearly visits to New Orleans up to about the year 1850, when he

LEECH
v.
GUILD.

closed all his business relations in New Orleans or Louisiana; that those yearly visits were during the winter business season, from November to May, when he would return to England, *his home,* where he has always resided, and still resides; that he never acquired a domicil in Louisiana, and repeatedly said that he would never do so. The plaintiff married in Philadelphia, in the year 1847; his wife was a native of Pennsylvania; took his wife to England two months after their marriage; they spent the winters of 1847, 1848 and 1849 in New Orleans; they went to England in 1850, and lived there in his own house; afterwards, they came to New York, where his wife died some five years ago; they had three children who are all living with him in England: one was born in Philadelphia, one in England, and one in New York.

The plaintiff purchased the property in question in 1848.

It is admitted that, by the laws of England, there exists no community partnership between husband and wife.

No rebutting testimony was offered.

We are constrained to say that the plaintiff never acquired a residence in this State; hence, that there did not exist a community of acquets and gains between him and his wife; that his wife never acquired a legal mortgage on his property in this State, and that the law accords none to his minor children. *Mandeville et al.* v. *Succession of Houston,* lately decided; *Succession of Franklin,* 7 An. 395; C. C. 2369, 2370; *Jose Pratts* v. *His Creditors,* 2 R. 501.

The Act entitled "An Act relative to the property of non-resident married persons in this State," approved March 18th, 1852, p. 200, cannot control the decision of this case, as the property in question was acquired in 1848, prior to the date of the said Act.

Judgment affirmed, with costs.

LAND, J., absent.